CHIEF JUSTICE RABNER, concurring in part and dissenting in part.
*887 **329 For the reasons outlined in the dissent, I cannot find that defendant waived his Miranda rights either explicitly or impliedly. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In my view, it was therefore error to introduce defendant's post-arrest statements at trial.
Only in very rare circumstances can that type of error survive under a harmless error analysis. As this Court has observed, certain
"constitutional rights [are] so basic to a fair trial that their infraction can never be treated as harmless error." Chapman v. California, 386 U.S. [18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ]. See, e.g., Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958) (coerced confession); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (impartial judge).
[ State v. McCloskey, 90 N.J. 18, 30, 446 A.2d 1201 (1982).]
Here, the error implicates a different constitutional violation. As a result, the error must be "harmless beyond a reasonable doubt" for defendant's conviction to stand. State v. Maltese, 222 N.J. 525, 543-44, 550, 120 A.3d 197 (2015). "The test ... 'is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.' " State v. Sanchez, 129 N.J. 261, 278, 609 A.2d 400 (1992) (quoting Chapman, 386 U.S. at 23, 87 S.Ct. 824 ).
That standard is a "stringent" one, ibid., and "any doubts" about a statement's potential for prejudice "must be resolved against the State," McCloskey, 90 N.J. at 30, 446 A.2d 1201. See also R. 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result ....").
**330 In this case, there is overwhelming evidence that defendant sold a .38 caliber handgun on April 3, 2013: An informant met face-to-face with defendant to buy the firearm. The two discussed the transaction and, in the course of doing so, referred to a "loaded," "cocked," "three eight" (.38) caliber weapon. Their conversation was captured on tape. And a law enforcement officer watched both men from nearby while the transaction took place. Immediately afterward, an officer recovered a loaded .38 caliber handgun from the informant. The informant also testified at trial and confirmed that he bought the loaded weapon from defendant.
Under the circumstances, defendant's conviction was not "substantially dependent upon [his] statement to [the] police." Maltese, 222 N.J. at 550, 120 A.3d 197. Unlike in State v. O'Neill, 193 N.J. 148, 184, 936 A.2d 438 (2007), the statement here -- described in the majority opinion, see ante at 321-23, 209 A.3d 882-83 -- was not "central[ ] ... to the prosecution's case." The conviction instead rested on proofs that were hard to refute: recorded statements of the gun transaction as it took place, contemporaneous observations by the police, and physical evidence -- the gun itself. For those reasons, I believe this is one of the very rare cases in which the erroneous admission of a defendant's post-arrest *888 statement amounts to harmless error.
I do not consider or draw inferences from the jury's inability to reach a verdict on the other counts. See Yeager v. United States, 557 U.S. 110, 125, 129 S.Ct. 2360, 174 L.Ed.2d 78 (2009) ("[T]he fact that a jury hangs is evidence of nothing -- other than, of course, that it has failed to decide anything."); accord State v. McKinney, 223 N.J. 475, 487, 126 A.3d 1200 (2015).
I therefore respectfully concur in part and dissent in part.